Frank Lee **MIKESKA**, James Logan
Diez, Antonio Crecelius and Walter
D. Williams, Plaintiffs–Appellants,

v.

James A. **COLLINS**, Director, Texas
Dept. of Criminal Justice, Institutional
Division, et al., Defendants–Appellees.

No. 88–2276.

United States Court of Appeals,
Fifth Circuit.

March 12, 1991.

Frank Lee Mikeska, Lovelady, Tex., pro
se.

James Logan Diez, San Angelo, Tex., pro
se.

Walter D. Williams, Lovelady, Tex., pro
se.

Lawrence Wells, Asst. Atty. Gen., Jim
Mattox, Atty. Gen., and Adrian Young,
Austin, Tex., for defendants-appellees.

Before POLITZ, DAVIS, and DUHÉ,
Circuit Judges.

OPINION ON REHEARING

PER CURIAM:

The court *sua sponte* grants rehearing,
withdraws its earlier opinion reported at
900 F.2d 833 (5th Cir.1990), and substitutes
the following.

The initial paragraph of the prior opinion
and the two factual paragraphs under the
subtitle "Background," 900 F.2d at 834, are
reinstated.

*Analysis*

As a threshold consideration we must
determine whether appellate jurisdiction
exists for this appeal. As a court of limit-
ed jurisdiction we are bound to address
that inquiry, on the court's own motion if
necessary. *Thompson v. Betts*, 754 F.2d
1243 (5th Cir.1985). Our specific question
is whether the notice of appeal brings be-
fore this court the claims of the three com-
plainants who were named but who did not
sign that notice. We conclude that the
appeals of Mikeska, Crecelius, and
Williams were not properly put before the
court by a notice signed only by Diez, who
is not a lawyer and, obviously, not a mem-
ber of the bar of this court. *Smith v.
White*, 857 F.2d 1042 (5th Cir.1988); *Ther-
iault v. Silber*, 579 F.2d 302 (5th Cir.1978),
*cert. denied*, 440 U.S. 917, 99 S.Ct. 1236, 59
L.Ed.2d 468 (1979). Accordingly, those ap-
peals should be and are dismissed.

We find no validity to any claim raised
by Diez and affirm the judgment of the
district court as relates to his claims, doing
so for the reasons assigned in our earlier
opinion, which to that limited extent is also
reinstated. 900 F.2d at 836–37.

Our earlier majority opinion was motivat-
ed by a desire to fashion a simple, expedi-
ent, and meaningful method to handle situ-
ations presented by *pro se* notices of ap-
peal signed by less than all of the named
*pro se* appellants. We again address that
problem and direct a solution for prospec-
tive application. Hereafter, upon receipt of
a timely filed multi-party *pro se* notice of
appeal that fails to bear what purports to
be the signature of one or more of the
persons listed as appellants, the clerk of
this court shall, pursuant to the authority
of Fed.R.App.P. 4(a)(3), notify the non-sign-
ing appellant[s] of the right to file a notice
of appeal "within 14 days after the date on
which the first notice of appeal was filed,
or within the time otherwise prescribed by
... Rule 4(a), whichever period last ex-
pires." In the *form* notice to be used in
such instances, in addition to tracking the
language of Fed.R.App.P. 4(a)(3), the clerk
shall note the exact due date for the partic-
ular appeal, as prescribed by that Rule.
The written notification of a party's intent
to appeal, signed by the subject appellant
shall be deemed timely filed if received by

the district clerk or our clerk of court within the time allowed by Fed.R.App.P 4(a)(3).

The judgment of the district court as to appellant James Logan Diez is AFFIRMED.

The appeals of Frank Lee Mikeska, Antonio Crecelius, and Walter D. Williams are DISMISSED.