928 F.2d 126
 Frank Lee MIKESKA, James Logan Diez, Antonio Crecelius and
Walter D. Williams, Plaintiffs-Appellants,
v.
James A. COLLINS, Director, Texas Dept. of Criminal Justice,
Institutional Division, et al., Defendants-Appellees.
 No. 88-2276.
 United States Court of Appeals,
Fifth Circuit.
 March 12, 1991.
 
 Frank Lee Mikeska, Lovelady, Tex., pro se.
 James Logan Diez, San Angelo, Tex., pro se.
 Walter D. Williams, Lovelady, Tex., pro se.
 Lawrence Wells, Asst. Atty. Gen., Jim Mattox, Atty. Gen., and Adrian Young, Austin, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Texas; Robert M. Parker, Judge.
 Before POLITZ, DAVIS, and DUHE, Circuit Judges.
 OPINION ON REHEARING
 PER CURIAM:
 
 
 1
 The court sua sponte grants rehearing, withdraws its earlier opinion reported at 900 F.2d 833 (5th Cir.1990), and substitutes the following.
 
 
 2
 The initial paragraph of the prior opinion and the two factual paragraphs under the subtitle "Background," 900 F.2d at 834, are reinstated.
 
 Analysis
 
 3
 As a threshold consideration we must determine whether appellate jurisdiction exists for this appeal. As a court of limited jurisdiction we are bound to address that inquiry, on the court's own motion if necessary. Thompson v. Betts, 754 F.2d 1243 (5th Cir.1985). Our specific question is whether the notice of appeal brings before this court the claims of the three complainants who were named but who did not sign that notice. We conclude that the appeals of Mikeska, Crecelius, and Williams were not properly put before the court by a notice signed only by Diez, who is not a lawyer and, obviously, not a member of the bar of this court. Smith v. White, 857 F.2d 1042 (5th Cir.1988); Theriault v. Silber, 579 F.2d 302 (5th Cir.1978), cert. denied, 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 468 (1979). Accordingly, those appeals should be and are dismissed.
 
 
 4
 We find no validity to any claim raised by Diez and affirm the judgment of the district court as relates to his claims, doing so for the reasons assigned in our earlier opinion, which to that limited extent is also reinstated. 900 F.2d at 836-37.
 
 
 5
 Our earlier majority opinion was motivated by a desire to fashion a simple, expedient, and meaningful method to handle situations presented by pro se notices of appeal signed by less than all of the named pro se appellants. We again address that problem and direct a solution for prospective application. Hereafter, upon receipt of a timely filed multi-party pro se notice of appeal that fails to bear what purports to be the signature of one or more of the persons listed as appellants, the clerk of this court shall, pursuant to the authority of Fed.R.App.P. 4(a)(3), notify the non-signing appellant[s] of the right to file a notice of appeal "within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by ... Rule 4(a), whichever period last expires." In the form notice to be used in such instances, in addition to tracking the language of Fed.R.App.P. 4(a)(3), the clerk shall note the exact due date for the particular appeal, as prescribed by that Rule. The written notification of a party's intent to appeal, signed by the subject appellant shall be deemed timely filed if received by the district clerk or our clerk of court within the time allowed by Fed.R.App.P 4(a)(3).
 
 
 6
 The judgment of the district court as to appellant James Logan Diez is AFFIRMED.
 
 
 7
 The appeals of Frank Lee Mikeska, Antonio Crecelius, and Walter D. Williams are DISMISSED.