United States Court of Appeals,

Fifth Circuit.

No. 94-40871

Summary Calendar.

Glenn CARTER and Melvin Hassan Tribbit, Plaintiffs-Appellants,

v.

Richard L. STALDER, et al., Defendants-Appellees.

Aug. 9, 1995.

Appeals from the United States District Court for the Eastern District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Glenn Carter and Melvin Tribbit appeal an adverse judgment in their state prisoners' civil rights suit brought pursuant to 42 U.S.C. § 1983. For the reasons hereinafter stated, we affirm the district court's order as to Tribbit, and dismiss Carter's appeal.

I.

Tribbit and Carter, inmates in the Louisiana Department of Corrections at the Dixon Correctional Institute ("DCI"), filed a civil rights complaint in federal court in the Eastern District of Texas against Richard Stalder, secretary of the Department of Corrections; N. Burl Cain, warden at the DCI; Reggie Felker, a major at the DCI; and B.C. Rogers, an employee of Poultry, Inc. The suit alleges that the plaintiffs were forced to work as slave labor because they were required to debone chicken thighs at the processing plant located at DCI.

The magistrate judge recommended that Tribbit not be allowed

1

to file this action because he had not paid earlier sanctions imposed by this court.[1] The magistrate judge recommended that Carter's claim be dismissed pursuant to 28 U.S.C. § 1406 because the Eastern District of Louisiana, not the Eastern District of Texas, was the proper venue for that action. The magistrate judge found that because Carter's claims were frivolous, it was not in the interest of justice to transfer the action.

Tribbit and Carter objected to this recommendation and urged the district court to transfer the case to the Eastern District of Louisiana. In those objections, Tribbit did not address the magistrate judge's recommendation that he not be allowed to file the suit because he was under sanction from this court. The district court overruled the objections and adopted the magistrate judge's recommendation. The court denied Tribbit leave to file the action and dismissed Carter's complaint without prejudice pursuant to 28 U.S.C. § 1406. Final judgment was entered on April 22, 1994, and Tribbit filed a *pro se* notice of appeal on August 29, 1994. Carter did not sign the notice.

## II.

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987) (per curiam). We conclude that we lack jurisdiction over

[1] In *Shakir v. Lee,* 928 F.2d 401 (5th Cir.1991) (per curiam) (unpublished), this court ordered the clerk of the U.S. District Court of the Eastern District of Louisiana "not to accept any future filing from [Tribbit] until the $100 fine is paid, unless ... directed to do so by" a district judge of that district. In that case, Tribbit was proceeding under the name of Melvin Hassan Shakir.

2

Carter's appeal.

Whether Carter has filed a valid notice of appeal presents the same situation this court addressed in *Mikeska v. Collins*, 928 F.2d 126 (5th Cir.1991) (per curiam). There, we held that a multiparty *pro se* notice of appeal was not effective as to any of the *pro se* parties that did not sign the appeal. *Id.* We directed that thenceforth, the clerk should notify the non-signers of their right to appeal within fourteen days of the signer's appeal, as permitted by FED.R.APP.P. 4(a)(3).

Carter was not so notified, as the clerk's office was not sure that Tribbit's notice of appeal was timely. Following remand, Carter did not submit any signed pleading until appellants' joint brief, signed by both of them, was filed on May 24, 1995.[2] In *Mikeska*, we ensured that every reasonable effort be made to notify non-signing *pro se* appellants of how to effect an appeal. We did not enlarge—indeed, we have no authority to enlarge—the time permitted for appeal. *See* FED.R.APP.P. 26(b). Accordingly, after the fourteen days had expired, Carter could not appeal, despite the lack of *Mikeska* notice.

### III.

On appeal, Tribbit urges the merits of the claim he filed below, but does not allege or argue any error in the district court's order dismissing his case for failure to pay earlier sanctions imposed by this Court. Because we find no error in that

---

[2]Subsequent to the filing of the first notice of appeal by Tribbit and prior to the remand, Carter signed a motion for IFP status that was filed on October 24, 1994.

order, it must be affirmed.

                                IV.

In summary, the district court's order dismissing Tribbit's appeal is AFFIRMED. Carter's appeal is DISMISSED for want of appellate jurisdiction.

4