IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41178
Conference Calendar

_____

IN RE:  MARION HODGE; WAYNE HODGE,

Movants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-MC-44
- - - - - - - - - -
June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Wayne Hodge and Marion Hodge purport to appeal the district court's denial of their motion for leave to file a complaint, asserting their rights as "true heirs" of Pelham Humphries to the land, oil, minerals, and mineral rights of 4428 acres of land in Jefferson County, Texas, known as the "Pelham Humphries Survey."

We must examine the basis of our jurisdiction *sua sponte* if necessary. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A "multiparty *pro se* notice of appeal [is] not effective as to any of the *pro se* parties that did not sign the [notice of] appeal." *Carter v. Stalder*, 60 F.3d 238, 239 (5th Cir. 1995)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(citing *Mikeska v. Collins*, 928 F.2d 126, 126 (5th Cir. 1991)).

The notice of appeal, signed only by Wayne Hodge is not sufficient to bring before this court the appeal of Marion Hodge. *See Mikeska*, 928 F.2d at 126 (notice signed by only one *pro se* party not sufficient to bring appeals of three other *pro se* parties before this court). Accordingly, we DISMISS Marion Hodge's appeal for lack of jurisdiction.

Wayne Hodge contends that the district court erred in denying his motion for leave to file a complaint. He asserts that the limitations bar to his lawsuit is inapplicable because the judgments were obtained by fraud on the court, which was not discovered previously. He contends also that res judicata and collateral estoppel do not preclude his complaint.

Wayne Hodge's arguments were foreclosed by this court's decision in 1968. *See Humphries v. Texas Gulf Sulphur Co.*, 393 F.2d 69, 73 (5th Cir. 1968)(the "failure of appellants and their predecessors to assert any claim to the land, to use it, or pay the taxes confirms that the original Humphries grantee, whether his name was Pelham or William, at some time in the past parted with title"). We repeated that conclusion in 1991. *See Peregoy v. Amoco Prod. Co.*, 929 F.2d 196, 197 (5th Cir. 1991). The district court did not err in denying the motion. The decision of the district court is AFFIRMED.

DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED IN PART.