# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————

No. 99-60143
Summary Calendar

———————————

LUTHER WILLIAMS, Family; WILLIE JONES, Family; ALONZO
LEWIS, Family; LIZZIE E WILLIAMS,

Plaintiffs-Appellants,

versus

HOME LIFE FINANCIAL ASSURANCE CORPORATION;
ANTHEM HEALTH & LIFE INSURANCE CO.,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
(3:96-CV-933-LN)
December 16, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Lizzie E. Williams ("Williams"), acting *pro se*, appeals the district court's final judgment in her breach of contract suit against Home Life Financial Assurance Corporation/Anthem Health and Life Insurance Company ("Anthem") and the court's denial of her second motion for reconsideration. This court must examine the basis of its jurisdiction on its own motion if necessary. *See United States v. Lister*, 53 F.3d 66, 68 (5th Cir. 1995). Finding that Williams' notice of appeal was untimely, we dismiss this appeal for lack of jurisdiction.

As an initial matter, Williams' notice of appeal, while purporting to apply to all plaintiffs, is signed only by Williams. A multiparty *pro se* notice of appeal is not effective as to any of the *pro se* parties that did not sign the appeal except a signer's spouse and minor children. *See* Fed. R. App. P. 3(c); *Carter v. Stadler*, 60 F.3d 238, 239 (5th Cir. 1995) (citing *Mikeska v. Collins,* 928 F.2d 126,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

126 (5th Cir. 1991)) ("[A] multiparty pro se notice of appeal was not effective as to any of the pro se parties that did not sign the appeal."). Accordingly, the appeal as to all plaintiffs other than Williams is DISMISSED for lack of jurisdiction.[1]

With regard to Williams' appeal, timely notice of appeal is a jurisdictional prerequisite to judicial review. *See Charles L.M. v. Northeast Ind. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) (finding that court lacks jurisdiction if notice of appeal is untimely). Here, the district court entered final judgment on March 12, 1998. Less than ten days later, on March 17, 1998, Williams filed her first motion to reconsider, which was treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and therefore tolled the running of the thirty-day time period for filing a notice of appeal. *See Charles L.M.*, 884 F.2d at 869. The district court denied William's first Rule 59(e) motion on March 18, 1998.

Williams filed a second motion for reconsideration on March 30, 1998. This second motion—also considered a motion to alter or amend under Fed. R. Civ. P. 59(e)—did not raise any new grounds for relief. A successive Rule 59(e) motion raising substantially similar grounds as urged in an earlier motion is deemed successive and does not toll the time in which to file a notice of appeal. *See Charles L.M.*, 884 F.2d at 870; *see also United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 39 (5th Cir. 1992) ("Rule 4(a)(4) does not embrace a second Rule 59 motion that merely challenges the denial of the original Rule 59 motion."). Thus, Williams' time in which to file her notice of appeal ended on April 17, 1998. *See* Fed. R. App. Proc. 4(a). Her notice of appeal—filed on February 26, 1999—was therefore untimely, and this court is without jurisdiction to consider her claims. *See Charles L.M.*, 884 F.2d at 870.

---

[1] The clerk did not send a "*Mikeska* letter" to the non-signing plaintiffs advising them that they had the right to file a notice of appeal within fourteen days of Williams' appeal or prior to the limitation period of Fed. R. App. Proc. 4(a). *See Mikeska v. Collins*, 928 F.2d 126, 126 (5th Cir. 1991) (requiring clerk to notify non-signing parties of their right to file a notice of appeal). However, because (1) the clerk had never been provided with the addresses of the non-signing plaintiffs, and (2) Williams' notice was already untimely, the absence of a *Mikeska* letter does not affect our decision. *See Carter*, 60 F.3d at 239 (finding that *Mikeska* did "not enlarge . . . the time period permitted for appeal . . . . Accordingly, after the fourteen days had expired, Carter could not appeal despite the lack of Mikeska notice.").

Finally, Anthem argues that we should award it sanctions in view of the frivolous nature of Williams' appeal. *See* Fed. R. App. P. 38. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). Particularly in view of Williams' *pro se* status, we decline to impose sanctions based upon her procedural defects. *See Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987) (noting this court's caution in sanctioning *pro se* litigants). However, we note that this is not the first time that Williams has brought these claims before us. We caution Williams that should she file another frivolous lawsuit or appeal involving the same general subject matter involved in this appeal, we will not hesitate to impose the sanctions authorized by Federal Rule of Appellate Procedure 38.

For the foregoing reasons, Williams appeal is DISMISSED. We also DENY Anthem's motion for sanctions.