**Michael Kevin DUPONT,**
**Plaintiff, Appellant,**

v.

**Steven SILVA, et al., Defendants,**
**Appellees.**

**Nos. 02–1095, 02–2029.**

United States Court of Appeals,
First Circuit.

July 2, 2003.

Michael Kevin DuPont on brief pro se.

Nancy Ankers White, Special Assistant Attorney General, and Denise Leydon Harvey, Counsel, Department of Corrections Legal Division, and Bruce R. Henry and Morrison, Mahoney & Miller, LLP on briefs for appellees.

Before BOUDIN, Chief Judge, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

In appeal No. 02–2029, pro se inmate Michael Kevin DuPont appeals from the district court's grant of summary judgment in favor of defendants in this action under 42 U.S.C. § 1983. We affirm in part and vacate in part and remand for further proceedings.

We affirm the judgment relative to Counts IV, IX, and X of the complaint. The district judge correctly held that Count IV, which asserted an equal protection claim, failed to state a claim for relief, and on appeal DuPont fails to adequately argue against its ruling. Furthermore, the judge correctly found that he cannot assert violations of consent decrees in his civil rights action. *See Martel v. Frido-vich,* 14 F.3d 1, 3 (1st Cir.1993).

We vacate the judgment relative to the remaining counts of the complaint and remand for further proceedings. The district court granted judgment in favor of defendants on the ground that "the record does not reflect that plaintiff exhausted all of his administrative remedies," as required by 42 U.S.C. § 1997e(a).[1] The burden of proof did not rest with the plaintiff, however, *Casanova v. Dubois,* 304 F.3d 75, 77 n. 3 (1st Cir.2002) (adopting majority rule that exhaustion under § 1997e(a) is an affirmative defense to be pled and proved by defendants), and therefore this was error, although understandable given the wording of the statute, and the fact that *Casanova* had not yet been decided.

The present record may or may not support appellees' contention (as to some or all of the claims) that exhaustion has not occurred; but given the modest discussion of this complicated point in their brief and the lack of any guiding analysis or findings by the district court (again understandable as it acted pre-*Casanova*), we are unwilling to undertake this analysis ourselves in the first instance. On remand, the district court is free, on the present record or one further submitted if it so permits, to analyze the record, to conclude that some or all of the claims were subject to grievance but remedies

were not exhausted, and to proceed accordingly—subject always to the opportunity of either side to appeal at the appropriate time. Therefore, as to claims other than those separately discussed above, we remand for further proceedings.

DuPont abandons his appeal from the denial of preliminary injunctive relief in appeal No. 02–1095, except to the extent the appeal included the district judge's refusal to disqualify himself. However, we see no abuse of discretion in the court's action, and we deny DuPont's request that we remove the judge from this and other pending actions of his. We also deny his conclusory request for appointment of counsel.

*The district court judgment in No. 02–1095 is affirmed. The judgment in No. 02–2029 is affirmed in part, vacated in part, and remanded for further proceedings consistent herewith.*

---

1. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner ... until such administrative remedies as are available are exhausted."