**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 12, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-61063
USDC No. 4:00-CV-315-P-D

_____

EZELL WASH; ET. AL,

                                                        Plaintiffs,

EZELL WASH; PORTER SHORTER; KENNETH DENNIS; DESMOND EARL
PHILLIPS; BOBBY CALDWELL; GARY MOORE; JIMMY POWELL; CHRIS
BOYD; ROBERT PRICE; RUDY ROMERO; GLENDALE SONES; DAVID MCGEE;
RICHARD SIMS, JR; JAMES REED

                                          Plaintiffs-Appellants,

versus

ROBERT JOHNSON, Commissioner; JAMES ANDERSON;
WALTER BOOKER; W. L. HOLMAN; ROBERT ARMSTRONG;
GENE CROCKER; EARL JACKSON; JESSIE STREETER;
CHRISTOPHER EPPS; LARRY KEYS; PAMELY LEE;
CHARLES THOMAS; GLENN ADAMS; WILLIE WALKER; CASE
MANAGER JACKSON; SAM WEBB; JACQILYN MAXWELL;
MAUD IRBY; JOE CONNERS; FRANK GRAMMAR; LARRY
HARDY; JOHN DOE(S), Liability Surities/Bonding
Companies of All Defendants,

                                          Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

BY THE COURT:

    Twenty-four state prisoners filed a *pro se* civil rights action

contesting the conditions of their confinement.  The district court

ultimately dismissed plaintiffs' complaint, and a notice of appeal

was timely filed, purportedly on behalf of all plaintiffs, but signed only by plaintiff Desmond Phillips.

The clerk of this court advised Phillips that the appeal was proceeding as to Phillips only because his was the only signature on the notice. The non-signing appellants were sent a copy of this letter. Plaintiff Garry Moore subsequently requested that the appeal be reinstated as to all of the appellants. He argued that, under Becker v. Montgomery, 532 U.S. 757 (2001), the failure to sign a notice of appeal was a nonjurisdictional defect that could be cured by correcting the omission. The clerk's office informed Moore that it was taking no action with respect to his request and directed his attention to this court's opinion in Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991), holding that in cases involving multiple *pro se* appellants, in which the notice of appeal was signed by less than all the appellants, each non-signing appellant must file a notice of appeal within the time allowed by FED. R. APP. P. 4(a) or the appeals of the non-signing appellants should be dismissed. Moore responded that the appeals of the non-signing appellants could not be dismissed under Mikeska until the court first inquired whether those parties had an intent to appeal and because, under Mikeska, the defect in the notice of appeal could be cured by the signatures of the non-signing parties. The clerk's office responded that inquiries into the non-signing parties' intent to appeal would have been moot because, by the time

2

the notice of appeal was docketed in this court, the time to appeal under FED. R. APP. P. 4(a) had expired.

Moore subsequently filed a motion for reconsideration of the clerk's refusal to reinstate the appeal as to all appellants. The clerk's office then notified the non-signing appellants that they had 30 days to submit a signed notice of appeal and that the issue of whether their appeals would be reinstated would be submitted to this court. Signed notices of appeal were received by all but two of the appellants.

A timely notice of appeal is a prerequisite to the exercise of jurisdiction by this court. Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994). FED. R. APP. P. 4(a)(1) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which appeal is taken. Any other party who wishes to appeal has 14 days after the initial notice was filed to pursue an appeal. FED. R. APP. P. 4(a)(3); see also FED. R. APP. P. 4(c)(2).

Notices of appeal are subject to the requirements of FED. R. CIV. P. 11(a). See Gonzales v. Wyatt, 157 F.3d 1016, 1021-22 (5th Cir. 1998). Relevant provisions of Rule 11 provide:

> (a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

In Mikeska, we held that to be valid as to a specific

appellant, a multi-party *pro se* notice of appeal must be signed by that appellant. Mikeska, 928 F.2d at 126. We further instructed that "when a timely filed multi-party pro se notice of appeal that fails to bear what purports to be the signature of one or more of the persons listed as appellants, the clerk of this court shall, pursuant to FED. R. APP. P. 4(a)(3), notify the non-signing appellant[s] of the right to file a notice of appeal 'within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by . . . Rule 4(a), whichever period last expires.'" Id. "The written notification of a party's intent to appeal, signed by the subject appellant shall be deemed timely filed if received by the district clerk or our clerk of court within the time allowed by FED. R. APP. P[.] 4(a)(3)." Id. In Carter v. Stalder, 60 F.3d 238, 239 (5th Cir. 1995), the clerk's office did not give the non-signing appellants the notice required by Mikeska because it was unsure whether the notice of appeal was timely. We concluded that, after the 14-day period under Rule 4(a)(3) had expired, the non-signing appellant could not appeal, "despite the lack of Mikeska notice." Id.

Our holdings in Mikeska and Carter, however, are not able to be reconciled with the Supreme Court's Becker decision. In Becker, a state prisoner instituted a *pro se* civil rights action contesting conditions of confinement. 532 U.S. at 760. Becker's timely, *pro se* notice of appeal contained his name on a signature line, typed,

4

but not hand-signed.  Id. at 761.  Becker's appeal was docketed, and a briefing schedule was set.  Id.  Some six months later, on its own motion, the Sixth Circuit dismissed the appeal for lack of jurisdiction because of the want of a handwritten signature on the notice of appeal.  Id.  No court officer had earlier called Becker's attention to the need for a signature, nor had Becker been afforded an opportunity to cure the defect.  Id.  Becker filed an unsuccessful motion for reconsideration, to which he attached a new, signed notice of appeal.  Id.  The Supreme Court granted certiorari to address the question whether Becker's failure to sign his timely-filed notice of appeal required the Court of Appeal to dismiss his appeal.  Id. at 762.

The Court stated:  "As plainly as Civil Rule 11(a) requires a signature on filed papers, [] so the rule goes on to provide in its final sentence that 'omission of the signature' may be 'corrected promptly after being called to the attention of the attorney or party.'"  Becker, 532 U.S. at 764.  "'Correction can be made,' the Rules Advisory Committee noted, 'by signing the paper on file or by submitting a duplicate that contains the signature.'"  Id. (citation omitted).  The Supreme Court further concluded that Rule 11's signature requirement was nonjurisdictional.  Id. at 766. Accordingly, in Becker, the Court reversed the dismissal of a *pro se* prisoner's appeal for failure to comply with Rule 11's signature requirement.  The Court stated that the "[petitioner] proffered a

correction of the defect in his notice in the manner Rule 11(a) permits--he attempted to submit a duplicate containing his signature. . . and therefore should not have suffered dismissal . . . for nonobservance of the Rule." Id. at 765.

In Casanova v. Dubois, 289 F.3d 142, 145 (1st Cir. 2002), several inmates filed a civil rights complaint which was dismissed by the district court. One inmate, Casanova, filed a timely notice of appeal, purportedly on behalf of all of the appellants; however, the notice contained only his signature. Id. at 146. Eighteen months after the notice of appeal had been filed, the appellees argued that the appeal should be dismissed as to the non-signing appellants. Id. at 145-46. The First Circuit noted that it was impossible to tell if the non-signing appellants had intended to appeal during the brief window of opportunity provided by the federal rules for filing an appeal. Id. at 146. The First Circuit could surmise that they intended to appeal, however, because when the prisoners were given the opportunity to signify their desire to join in the appeal by providing signatures for the notice of appeal, they did so within the time frame provided by the appellate court. Id. The First Circuit therefore concluded that, based upon Becker, the dismissal of appeal as to the inmates who did not originally sign the notice of appeal was unwarranted. Id.

The Supreme Court's holding in Becker, that the signature requirement on a notice of appeal is not jurisdictional and may be cured if properly supplied once omission is called to a party's

6

attention, effectively overrules our holdings in <u>Mikeska</u> and <u>Carter</u> that the signature requirement can be cured only within the time for filing a notice of appeal under FED. R. APP. P. 4(a). Accordingly, based upon <u>Becker</u> and in agreement with our sister circuit's reasoning in <u>Casanova</u>, we grant Moore's motions to reinstate the appeal and to reconsider the clerk's refusal to do so, and we reinstate the appeal as to those appellants who were named in the original notice of appeal and who have now submitted signed copies of the notice of appeal.  The appeals of the two appellants, Edgar Monroe and Donnie Singleton, who still have not signed the notice of appeal, are not reinstated, however.

MOTIONS TO REINSTATE APPEAL AND TO RECONSIDER GRANTED; APPEAL REINSTATED AS TO ALL APPELLANTS EXCEPT EDGAR MONROE AND DONNIE SINGLETON.