United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10700
Summary Calendar

_____

ARNOLD RAY REED; JOHN HERRERA, JR.; LAURENCE R. SUNDERLAND;
ALFRED S. VASSER; MICHAEL G. CRAVEY; RITCHIE BROWN; MILAS E.
WILLIAMS; JACOB JACKSON; RODERICK WOODARD; GAVINO J. ALEMAN;
DONNELL GUYTON; FRANK GONZALES; WAYLON J. HARRIS; FLOYD
EDWARD HENRY; NARVAIS JOE; ROBERT CERDA; DOUGLAS BRYANT;
CURTIS MCHENRY; CASTILLO REYNALDO; ERICK DESHAWN EDWARDS;
LESTER RAY HARRIS; RODERICK CALVIN; CEASAR DANIEL; PATRICK
DENLEY; THOMAS S. COOK; RUDY VALDERAS; RUDOLPHO GONZALES;
CLAUD SISK,

                                        Plaintiffs-Appellants,

versus

GARY JOHNSON; JAMES DUKE; EDDIE PIGG,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CV-116-C
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Arnold Ray Reed, Texas prisoner number 1205652, and 27 other

Texas prisoners filed a pro se civil rights complaint,

complaining about the conditions of confinement.  They moved

pursuant to FED. R. CIV. P. 23 to have the case certified as a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

class action and have class counsel appointed. The district court, inter alia, denied the class certification and the request for the appointment of counsel. Reed now appeals.

As a preliminary matter, we note that although all 28 plaintiffs were named in the original notice of appeal, only Reed signed the notice. The clerk of this court notified the remaining 27 plaintiffs about the defect, but none of them evinced an intent to appeal by signing a new notice of appeal. Therefore, Reed is the only party to the instant appeal. See Wash v. Johnson, 343 F.3d 685, 687-89 (5th Cir. 2003).

Reed argues conclusionally that the requirements have been met for class certification and that therefore class counsel should have been appointed. The class certification decision is not properly before us because the district court's order, which is interlocutory in nature, does not satisfy 28 U.S.C. § 1292(b) and Reed did not make application to this court to appeal the certification decision within ten days after entry of the order. See Chevron USA, Inc. v. School Bd. Vermillion Parish, 294 F.3d 716, 720 (5th Cir. 2002); FED. R. CIV. P. 23(f).

To the extent Reed's brief may be liberally construed to seek review of the district court's denial of the appointment of counsel for him individually, that interlocutory order is appealable. See Marler v. Adonis Health Prods., 997 F.2d 1141, 1142 (5th Cir. 1993); Robbins v. Maggio, 750 F.2d 405, 412-13 (5th Cir. 1985). However, Reed has not shown that exceptional

circumstances warrant the appointment of counsel.  See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).  Therefore, the district court's denial of the request for appointment of counsel was not an abuse of discretion.  See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

The appeal is without arguable merit and is DISMISSED AS FRIVOLOUS.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Reed is CAUTIONED that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis ("IFP") in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.