Not for Publication in West's Federal Reporter.

# United States Court of Appeals
# For the First Circuit

Nos. 05-2289
       05-2360

CHARLES N. WATSON, JR.,

Plaintiff, Appellant,

v.

TRANS UNION LLC; NEW CINGULAR WIRELESS SERVICES, INC.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, Senior U.S. District Judge]

Before

Lipez, Circuit Judge,
Campbell and Selya, Senior Circuit Judges.

Charles N. Watson, Jr., on brief pro se.
Mark E. Kogan and Kogan, Trichon & Wertheimer, P.C., on brief for appellee Trans Union LLC.
Peter D. Klein and Eaton Peabody, on brief for appellee New Cingular Wireless Services, Inc.

March 1, 2007

**Per Curiam**. Plaintiff Charles N. Watson, Jr. is a federal prisoner who claims to be a victim of identity theft. Invoking the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 - 1681x, as well as state law, he brought this pro se action against a credit reporting agency and a telephone company. He there complained, inter alia, that credit had been extended in his name to an imposter and that, as a result, his credit report contained unfavorable, inaccurate information. The district court, finding plaintiff's jumbled claims difficult to follow, ordered him to file an amended complaint within 20 days setting forth his allegations in intelligible fashion. When plaintiff appeared to miss that deadline, the court dismissed the state claims (for a separate reason cited by a magistrate judge), but gave plaintiff one more opportunity to delineate his FCRA claims. The amended complaint that was subsequently proffered, however, was also deemed to lack the requisite clarity. The court accordingly dismissed the federal claims as a sanction for noncompliance with its earlier order. Plaintiff now appeals.

The challenge to the dismissal of the FCRA claims fails for lack of any sustained argument. Plaintiff's entire discussion on appeal boils down to the following two assertions: (1) in response to the court's order, he submitted a "clear" and "comprehensible" and "concise" amended complaint that set forth "valid arguments" in "chronological order" stating "cognizable

-2-

claims" that "warrant relief"; and (2) such a pro se filing deserved liberal construction. Plaintiff offers no description of his claims and no analysis of why dismissal was an inappropriate sanction. Instead, he has "merely ... mention[ed] a possible argument in the most skeletal way, leaving the court to do [his] work." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). As we have repeatedly held, "issues adverted to in a perfunctory fashion, unaccompanied by some effort at developed argumentation, are deemed waived." Id. (quoted in United States v. Casas, 425 F.3d 23, 30 n.2 (1st Cir. 2005), cert. denied, 126 S. Ct. 1397 (2006)). And while pro se litigants are held to a less stringent standard, see, e.g., Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), they are not immune from these requirements, see, e.g., United States v. Nishnianidze, 342 F.3d 6, 18 (1st Cir. 2003); Strahan v. Coxe, 127 F.3d 155, 172 (1st Cir. 1997).

Plaintiff's challenge to the dismissal of his state claims fails for the same reason. The magistrate judge recommended that these claims be dismissed on preemption grounds, see 15 U.S.C. § 1681h(e); the district judge held that recommendation in abeyance pending the filing of an amended complaint within 20 days; when no complaint was received by that deadline, the district judge dismissed these claims as recommended; and the amended complaint arrived in the mail shortly thereafter. On appeal, plaintiff protests that the court acted prematurely, inasmuch as application

-3-

of the "mailbox rule" rendered his submission timely.  Cf. Casanova
v. Dubois, 304 F.3d 75, 78-80 (1st Cir. 2002) (applying mailbox rule
in § 1983 context).  Whatever the merit of that argument, his brief
presents no substantive challenge to the preemption ruling itself.
This matter too has thus been forfeited.

We add that no reason exists to afford plaintiff any
special solicitude in this regard.  Given his failure fully to
comply with the court's June 17, 2005 order, it is not immediately
apparent that the sanction of dismissal was an abuse of discretion.
But even if it were, plaintiff's prospects of ultimately
establishing injury would have been minimal.  For example, he
admits that he has not applied for credit during the relevant
period and will not do so during his remaining years of
incarceration.  His principal grievance involves an inaccurate
listing that has been removed from his credit report.  None of his
claims consists of an allegation that creditors are seeking to hold
him personally liable for the fraudulent charges.  And his
reference to "mental duress" is entirely conclusory.

In No. 05-2360, the judgment is affirmed.  No. 05-2289,
an earlier interlocutory appeal, is dismissed for lack of appellate
jurisdiction.