**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK TRIMBLE; MICHELLE
TRIMBLE,

      Plaintiffs-Appellants,

v.

STEVEN SILVERN; EDMUND
MONAS; TAWNI CUMMINGS;
SILVERN LAW OFFICES, P.C.,

      Defendants-Appellees.

No.  02-1082
(D.C. No. 01-K-1726)
(D. Colo.)

---

**ORDER AND JUDGMENT**   *

---

Before  **SEYMOUR** , **EBEL** , and  **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.    *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs seek review of the district court's order dismissing their amended complaint for failure to state claims upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and for failure to file a timely certificate of review under Colo. Rev. Stat. § 13-20-602. The court further denied plaintiffs' renewed motion for return of the case file as moot. The dismissal of plaintiffs' complaint and action was based on and consistent with the court's oral findings and conclusions made as part of a hearing held January 30, 2002.

The background history is protracted. Defendants are attorneys who represented plaintiffs and their three young children in a personal injury action against various individuals and county officials in the aftermath of a fire which caused particularly serious injuries to one child (Valerie). All three children were in foster care in Colorado at the time. In addition to the complaint filed on behalf of all the Trimbles in federal court in Colorado, the parents apparently also filed a pro se complaint.

After considerable negotiations, a comprehensive settlement agreement was reached which included, among other matters, cash payments to the parents and to Valerie, payment of a Medicaid lien in favor of the State of Colorado, structured annuities for the children, and defendants' attorneys fees. Plaintiff Mark Trimble appeared at the settlement conference and agreed to its terms on behalf of himself and his wife, as well as the children. The court specifically addressed Mr.

Trimble and elicited his understanding of all the terms, his opportunity to make corrections or amendments, and his intention to be bound by the terms of the agreement. Aplt. App. at SIL 0072-73.

Because plaintiffs and their children had relocated to Texas, the settlement agreement as it related to the children required approval by a Texas state court of competent jurisdiction, in order to create guardianships over the estates of the children. Ultimately, the relationship between plaintiffs and defendants broke down, and plaintiffs purportedly dismissed defendants as their attorneys, although defendants continued to represent the children. Plaintiffs apparently filed a second action in state court in Texas, attempting to establish guardianship over Valerie's estate. Two guardians ad litem for the children eventually approved the settlement, as did the appropriate state courts.

The earlier Colorado actions have been concluded and those decisions upheld on appeal. *See Trimble v. Evans*, No. 99-1246 (10th Cir. order filed October 19, 1999) (upholding district court's dismissal of action for failure to object to magistrate's report and recommendation); *Trimble v. Evans*, No. 00-1227 (voluntarily dismissed). Even the Texas appellate court has weighed in on the issues. *See Trimble v. Evans*, No. 01-99-00158, 1999 WL 1081023 (Tex. App. Dec. 2, 1999) (unpublished).

In July of 2000 plaintiffs filed suit against defendants in the United States District Court for the Southern District of Texas alleging legal malpractice, breach of fiduciary duty, fraud, violations of 42 U.S.C. § 1983 (conspiracy), and intentional infliction of emotional distress. Defendants (except for defendant Monas) moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), in part because the issues raised in plaintiffs' amended complaint had all been resolved by other courts. Aplt. App. at SIL-0034. Alternatively, defendants sought a change of venue to Colorado and answered the complaint. The district court in Texas did not rule on the motion to dismiss, but instead transferred the action.

Following the transfer of this action to federal court in Colorado, defendants renewed their motion to dismiss under Rule 12(b)(6). [1] Plaintiffs moved for default judgment against defendant Monas pursuant to Fed. R. Civ. P. 55(a) because of Monas's failure to respond while the action was pending in Texas. This motion was denied, and defendant Monas was permitted to answer. Defendants also filed a motion to dismiss the malpractice claim for noncompliance with the requirements for actions against licensed professionals. *See* Colo. Rev. Stat. §§ 13-20-601–13-20-602. Plaintiffs filed motions for partial

---

[1] In addition, defendant Monas, who had not originally answered or moved to dismiss the Texas action, joined the other defendants' November 15, 2000 answer and motion to dismiss.

summary judgment and to strike various pleadings, which the district court denied.

The matter was then set for a hearing on defendants' renewed motion to dismiss and motion to dismiss for failure to file a certificate of review, and on plaintiffs' renewed motion for return of case file. Following the hearing the court entered judgment for defendants and denied plaintiffs' motion for return of the case file as moot.

On appeal, plaintiffs list the following issues: (1) the district court abused its discretion in granting relief to defendants primarily because defendants have come into court with "unclean hands" by refusing to return the case file; (2) the court abused its discretion in granting defendants' motion to dismiss and in denying plaintiffs' motion for partial summary judgment; (3) the district court erred in denying plaintiffs' motion for entry of default judgment under Fed. R. Civ. P. 55(a) against defendant Monas; (4) the district court erred in granting defendants' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and for failure to file a certificate of review pursuant to Colo. Rev. Stat. §§ 13-20-601–13-20-602. We review the district court's dismissal of plaintiffs' complaint under Rule 12(b)(6) de novo. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

The district court's order granting defendants' motion to dismiss followed a hearing and incorporated its oral ruling in that order. Plaintiffs filed a designation of transcript order stating that no transcript was needed to decide the issues on appeal. Absent a transcript of the district court's ruling, we cannot adequately review the basis for the court's decision. It is an appellant's duty to "provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.1(A)(1). If the court's findings and conclusions are made orally, a record is required to contain "a copy of the transcript pages reproducing those findings and conclusions." 10th Cir. R. 10.3(C)(3). In addition, a copy of transcript pages is to be attached to appellant's brief when the judicial pronouncement is oral. See 10th Cir. R. 28.2(A)(2).

It is appellant's duty to order the transcript. 10th Cir. R. 10.1(A)(1); *see also* Fed. R. App. P. 10(b). It is also the ordering party's duty to pay for the transcript. Fed. R. App. P. 10(b)(4). Plaintiffs' argument that in pro se cases no designation of the record is required (because the clerk of the district court will prepare the record) is not dispositive of the transcript requirement. There is nothing in the rules requiring the government to pay for transcripts in the ordinary course of civil litigation, whether pro se or counseled. If for some reason a transcript had been on file with the district court, its "designation" as part of the

record would have been required. *See* 10th Cir R. 11.2 ("The record must include *any transcript that has been filed for the appeal.*") (emphasis added). However, plaintiffs were not proceeding in forma pauperis, nor were they under a directive for the United States to pay the transcript charges. *See* 28 U.S.C. § 753(f). In this case, the obligation to furnish a transcript of the district court's hearing rested on plaintiffs.

Lack of the required transcript leaves the court no alternative but to affirm the district court. *See Morrison Knudson Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999). "[F]ailure to file the required transcript involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive appellate review." *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992).

In addition, plaintiffs do not specifically cite to the record in support of any of their arguments. Absent references to the record in a party's brief, the court will not sift through the record to find support for plaintiffs' arguments. *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992). "It is not this court's burden to hunt down the pertinent materials. Rather, it is [p]laintiff's responsibility as the appellant to provide us with a proper record on appeal." *Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995). Nor does plaintiffs' pro se status excuse the

obligation of a litigant to comply with the fundamental requirements of the appellate rules. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). We therefore uphold the district court's dismissal of plaintiffs' complaint. [2]

We briefly address plaintiffs' other arguments: Plaintiffs claim the district court erred in denying their motions for partial summary judgment. Denial of a motion for summary judgment, however, is generally not appealable. *See Rose v. Uniroyal Goodrich Tire Co.*, 219 F.3d 1216, 1221 n.3 (10th Cir. 2000). Here the district court denied plaintiffs' motions as both frivolous and as improvidently filed because no discovery had taken place. Aplee. App. SIL-0186. Contrary to plaintiffs' arguments, there were factual issues in dispute. Moreover, defendants' motion for an extension of time to respond to the motion for summary judgment was pending at the time the district court denied summary judgment. This argument is without merit.

Plaintiffs also claim the district court erred in declining to enter a default judgment under Fed. R. Civ. P. 55(a) against defendant Monas. We disagree. It appears defendant Monas answered before plaintiffs filed their Rule 55 motion,

---

[2] The district court also granted defendants' motion to dismiss for failure to file a certificate of review order. Colo. Rev. Stat. §§ 13-20-601–13-20-602. Our discussion concerning our inability to review the district court's ruling for lack of a transcript covers this statutory basis for dismissal as well.

and the district court did not abuse its discretion in denying plaintiffs' motion.

*See Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.  All outstanding motions are DENIED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge