**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 25 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EDSON G. GARDNER, LYNDA M.
KOZLOWICZ; KENNETH MCCOOK;
KATHIE MCCOOK; JOHN DIAZ;
DAVID P. SLIM; ATHENYA SLIM;
JOHN A. SLIM,

        Plaintiffs-Appellants,

v.

FLOYD WYASKET, Ute Tribal Chief
Judge; A. LYNN PAYNE, Eighth
Judicial District Judge, Duchesne
County; JOHN R. ANDERSON,
Eighth Judicial District Judge, Uintah
County,

        Defendants-Appellees,

and

STATE OF UTAH; ROOSEVELT
CITY; DUCHESNE CITY; UINTAH
COUNTY; DUCHESNE COUNTY,

        Defendants.

No. 04-4115
(D.C. No. 2:04-CV-142-TC)
(D. Utah)

**ORDER AND JUDGMENT** *

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY** , Circuit Judge,  **BARRETT** , Senior Judge,  and **BALDOCK** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs, Native Americans who assert that they have been injured through actions taken by the Ute Tribe and the State of Utah, appeal from a district court order insofar as it dismissed with prejudice their claims against Utah state judges Lynn Payne and John Anderson and Ute Tribal Court chief judge Floyd Wyasket. [1] The initial and amended pleadings plaintiffs filed in the district court were vague and variable in focus, and their pro se appellate brief does more to obfuscate than to clarify the matter.  Exacerbating these impediments to our review, plaintiffs have failed to file a transcript of the hearing at which the district court explained its rationale for decision.  Under the circumstances, we affirm.

---

[1]     Only plaintiff Gardner signed the initial notice of appeal, though the other pro se plaintiffs were listed as appellants.  An amended notice was filed shortly thereafter with all of the necessary signatures.  All plaintiffs are therefore proper appellants.  *Casanova v. Dubois* , 289 F.3d 142, 145-46 (1  st Cir. 2002); *see Becker v. Montgomery* , 532 U.S. 757, 759-68 (2001);  *Wash v. Johnson* , 343 F.3d 685, 687-89 (5 th Cir. 2003) (per curiam).

The thrust of plaintiffs' original complaint was that Ute Tribal officials had improperly conveyed unspecified portions of Uintah and Ouray Reservation lands to the State of Utah and several cities and counties. Plaintiffs alleged that these actions violated the Indian Nonintercourse Act (INA), 25 U.S.C. § 177, which prohibits the conveyance of land held by Indian nations or tribes unless effected "by treaty or convention entered into pursuant to the Constitution." They claimed that the Ute Tribal Court assisted and even participated in these conveyances, and for that they blamed chief judge Wyasket. The role of the Utah courts, and hence the basis for claims against state judges Payne and Anderson, apparently consisted in enforcing the rights of the transferees over those of the plaintiffs. The primary relief sought was a "declaration [that] as Indian[s] Plaintiffs have [a] possessory interest in Indian Country or Indian Lands within State of Utah . . . [and that the] purported conveyance of this possessory interest . . . violates the Indian [Non]intercourse Act[,] 25 U.S.C. [§] 177." R. doc. 1, at 3; *see also id.* at 14-15. Plaintiffs also requested damages for "benefits unjustly received," along with "such other and fu[r]ther relief, possibly including ejectment, as [the] Court may deem just and proper." *Id.* at 15.

The district court viewed this complaint as "an unintelligible jumble of imprecise and poorly worded allegations that do not give notice of the claims Plaintiffs are attempting to allege or the facts that support their claims."

R. doc.7, at 1. Accordingly, the district court "order[ed] Plaintiffs to file a more definite statement of their claims, in the form of an amended complaint," or face dismissal of the action. *Id.*

Plaintiffs responded by filing an amended complaint with allegations no less general but with a different thrust. Although still alluding to the protection of property rights under the INA, plaintiffs now complained in vague terms of the State's regulation of reservation lands, interference with the Ute Tribal Court, the denial of unspecified prospective economic development opportunities, and the threat of unidentified criminal charges against plaintiffs. *See* R. doc. 12.

In the meantime, defendants filed motions to dismiss on grounds of judicial immunity and failure to state a claim. The parties submitted several memoranda regarding the motions, and plaintiffs requested a hearing for oral argument on the various issues raised. The district court held a hearing on May 18, 2004 and, the next day, issued a written order dismissing plaintiffs' claims against the defendant judges with prejudice. This summary order contains none of the court's legal analysis. Rather, it just refers in general terms to the defendants' motions seeking dismissal "pursuant to the doctrine of absolute immunity and pursuant to Federal Rule of Civil Procedure 12(b)(6)," and then grants the motions "[f]or the reasons set forth at the close of the May 18, 2004 hearing." R. doc. 28, at 1.

Despite the critical nature of the district court's explanation of its ruling at the close of the hearing, plaintiffs have not provided a transcript for our review, as required by Fed. R. App. P. 10(b) and 10th Cir. R. 10.1(A)(1), 10.3(C)(3), and 28.2(A)(2). We have made it clear that a "failure to file the required transcript [of an oral ruling] involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive review." *McGinnis v. Gustafson*, 978 F.2d 1199, 1201 (10th Cir. 1992). When this occurs, the omission "leaves us with no alternative but to affirm the affected ruling." *Id.* Plaintiffs' pro se status does not excuse their noncompliance or suspend its consequences, *see generally Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994), as this court's practice in unpublished cases applying *McGinnis* reflects, *see, e.g.*, *Watson v. Unified Gov't of Wyandotte County*, 70 Fed. Appx. 493, 499-500 (10th Cir. 2003) (unpub.); *Trimble v. Silvern*, 62 Fed. Appx. 239, 242 (10th Cir. 2003) (unpub.).

There is an additional and quite basic legal deficiency here, overlooked by the parties, that warrants acknowledgment. The one claim clearly, albeit without any specificity, asserted in the pleadings involves the conveyance of tribal land in violation of the INA. But "the INA was designed to protect the land rights only of *tribes*." *James v. Watt*, 716 F.2d 71, 72 (1st Cir. 1983). "Individual Indians do not fall within the zone of interests to be protected by the Nonintercourse Act."

-5-

*Golden Hill Paugussett Tribe v. Weicker*, 39 F.3d 51, 55 n.1 (2d Cir. 1994).

"Thus, plaintiffs' claim, insofar as it is based on the INA, must fail." *James*, 716 F.2d at 72; *see Hill Paugussett Tribe*, 39 F.3d at 55 n.1; *San Xavier Dev. Auth. v. Charles*, 237 F.3d 1149, 1152 (9 th Cir. 2001).

The judgment of the district court is AFFIRMED. Appellants' motion for sanctions against Davis Graham & Stubbs LLP, counsel for appellee Wyasket, is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge