NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES H. BIESTEK,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1467

---

Appeal from the United States Court of Federal Claims in Nos. 1:09-cv-00333-TMD, 1:09-cv-33301-TMD, Judge Thompson M. Dietz.

-------------------------------------------------

**NICHOLAS J. DICICCO, CARL E. MALM, GALE M. NELSON, ARMAND L. RAVIZZA, JOSEPH A. VITELLI, LARRY WATTS, PETER SOFMAN, DONALD L. OWENS, PROCTOR W. LUCIUS, JR.,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2023-1859

_____

Appeal from the United States Court of Federal Claims in No. 1:09-cv-33303-TMD, Judge Thompson M. Dietz.

-------------------------------------------------

**STANLEY M.ANDERSON, PAUL L. BAILEY, RONALD L. BLASH, JON R. BOSTON, DENIS A. DARIDA, VICTOR C. DECOUDREAUX, WILLIAM A. DUZET, DAVID ALLEN DYER, WESLEY PAUL FETZER, R. S. GRAMMER, KENNETH N. PAGE, JAMES B. MOREHEAD, KEVIN L. DILLON, DIANA RAYMOND, ON BEHALF OF GEORGE G. RAYMOND, JOHN W. TRAEGER, JR., KATHLEEN ANN DAVIS, ON BEHALF OF JOHN H. DAVIS, DONALD R. COBB, WILLIAM T. EADS, ROBERT HAHN, LARRY HENDERSON, STEPHEN JAKUBOWSKI, LESLIE KERO, DAVID LEIPPE, RUSSELL MULLEN, DENNIS RAYFIELD, MAURY ROSENBERG, DOMINICK RUSCITTI, DONALD SCHILTZ, RICHARD SLINN, JAMES SORENSEN, JOHN STARK, JR., WILSON LEGG, GLENN LYONS, BARBARA MUNYON, ON BEHALF OF DAVID L. MUNYON, ROBERT TOKLE,**
*Plaintiffs-Appellants*

**ROBERT E. LANGEVIN,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2023-2224

_____

Appeal from the United States Court of Federal Claims
in No. 1:09-cv-33306-TMD, Judge Thompson M. Dietz.

-------------------------------------------------

**SARAH ALLEN, ON BEHALF OF WAYNE E. ALLEN,
JOSEPH E. ARMSTEAD, LAWRENCE C. BECKER,
JOSEPH J. GAREFFA, VIRGINIA R. HAMLEY, ON
BEHALF OF BARRY N. HAMLEY, WILLIAM
PATRICK HANSON,  BOB T. OLSEN, JOHN C.
RAINS, JOHN E. STOUT, VICTOR F.
WERTHEIMER, JR., GEORGE W. JOHNSON,
PHILIP R. SIMON, EDWARD N. RIPPER, CHARLES
F. THOM, II,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2023-2225

_____

Appeal from the United States Court of Federal Claims
in No. 1:09-cv-33304-TMD, Judge Thompson M. Dietz.

-------------------------------------------------

**DAVID F. HENDERSON, LARRY S. WALTERS,
WARREN H. NELSON, GLENN T. GOBLE,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

————————————

2023-2235

————————————

Appeal from the United States Court of Federal Claims
in No. 1:09-cv-33302-TMD, Judge Thompson M. Dietz.

-------------------------------------------------

**CHARLES M. ADAMS, JAMES R. ALLEN, LOUIS C. ATKINS, WILLIAM C. BARHAM, DONALD A. BLANCHARD, CURTIS E. CALHOUN, MARTHA L. CHRISTIANSEN, ON BEHALF OF CARL R. CHRISTIANSEN, CONSTANCE C. CHURCH, ON BEHALF OF STEPHEN H. CHURCH, CLARENCE A. MUMFORD, FREDERICK C. DUBINSKY, DAVID L. RINGWALT, JUDY A. O'DANIEL, ON BEHALF OF SAMUEL C. O'DANIEL, CAROL A. HALSTEAD, ON BEHALF OF JAY A. HALSTEAD, RICHARD E. SWANSON, GEORGE M. BLEYLE, ON BEHALF OF GEORGE A. BLEYLE, JR., CLIFFORD KEETON BARNES, GEORGE E. CLINE, JOHN M. CORRADI, DAVID J. FAHRENBACK, MICHAEL W. FITCH, PETER H. FRIEDMAN, WAYNE E. GATE, MILTON F. GRAY, JAMES L. HOLBROOK, CARL G. HOUSEHOLDER, ROBERT T. HUGHES, PHILIP E. JACH, ARTHUR C. JACKSON, PATRICK F. KEELEY, MICHAEL J. MCBRIDE, LAWRENCE J. MCCLURE, THOMAS B. MEZGER, JR., JOE C. MINICK, MOLLY MCGREW, ON BEHALF OF RICHARD W. MITCHELL, DARRELL A. RADER, MICHAEL D. REICH, MICHAEL J. SEVERSON,**

**ROBERT STABILE,**
*Plaintiffs-Appellants*

**ROBERT M. BENZIES,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2023-2269

_____

Appeal from the United States Court of Federal Claims
in No. 1:09-cv-33305-TMD, Judge Thompson M. Dietz.

-------------------------------------------------

**CLIFFORD KEETON BARNES,**
*Plaintiff*

**JAMES A. GROSSWILER, PAUL W. NIBUR,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2024-1169

_____

Appeal from the United States Court of Federal Claims
in No. 1:09-cv-33308-TMD, Judge Thompson M. Dietz.

———————————

Decided:  October 23, 2025

———————————

JAMES H. BIESTEK, Tucson, AZ, pro se.

DAVID F. HENDERSON, Lincoln, CA, pro se.

NICHOLAS J. DICICCO, Atherton, CA, pro se.

LARRY S. WALTERS, Sedalia, CO, pro se.

CARL E. MALM, Bonnery Lake, WA, pro se.

WARREN H. NELSON, West Chicago, IL, pro se.

GALE M. NELSON, Spokane, WA, pro se.

GLENN T. GOBLE, Lynden, WA, pro se.

ARMAND L. RAVIZZA, Dundee, IL, pro se.

JOSEPH A. VITELLI, Walpole, MA, pro se.

LARRY WATTS, Chesapeake, VA, pro se.

PETER SOFMAN, Stamford, CT, pro se.

DONALD L. OWENS, Twisp, WA, pro se.

PROCTOR WILLIAM LUCIUS, JR., Carlsbad, CA, pro se.

SARAH ALLEN, Carson City, NV, pro se.

JOSEPH E. ARMSTEAD, Mountain View, CA, pro se.

LAWRENCE C. BECKER, Davie, FL, pro se.

JOSEPH J. GAREFFA, Williamsburg, VA, pro se.

VIRGINIA RUTH HAMLEY, San Jose, CA, pro se.

WILLIAM PATRICK HANSON, Longmont, CO, pro se.

BOB T. OLSEN, Avon Lake, OH, pro se.

JOHN C. RAINS, Morristown, VT, pro se.

JOHN E. STOUT, Sycamore, IL, pro se.

VICTOR F. WERTHEIMER, JR., Virginia Beach, VA, pro se.

GEORGE W. JOHNSON, Seattle, WA, pro se.

PHILIP R. SIMON, San Rafael, CA, pro se.

EDWARD N. RIPPER, Bradenton, FL, pro se.

CHARLES F. THOM, II, Litchfield Park, AZ, pro se.

CHARLES M. ADAMS, Portola Valley, CA, pro se.

JAMES R. ALLEN, Elverson, PA, pro se.

LOUIS C. ATKINS, Senoia, GA, pro se.

WILLIAM C. BARHAM, Laguna Niguel, CA, pro se.

DONALD A. BLANCHARD, Fort Collins, CO, pro se.

CURTIS CALHOUN, Bainbridge Island, WA, pro se.

MARTHA L. CHRISTIANSEN, Incline Village, NV, pro se.

CONSTANCE C. CHURCH, Tucson, AZ, pro se.

CLARENCE A. MUMFORD, Parrish, FL, pro se.

FREDERICK CHARLES DUBINSKY, Hunting Valley, OH, pro se.

DAVID LEWIS RINGWALT, JR., Westlake, OH, pro se.

JUDY A. O'DANIEL, Evergreen, CO, pro se.

CAROL A. HALSTEAD, Las Vegas, NV, pro se.

RICHARD ERLAND SWANSON, Bainbridge Island, WA, pro se.

GEORGE MICHAEL BLEYLE, Philomont, VA, pro se.

CLIFFORD KEETON BARNES, Foley, AL, pro se.

STANLEY M. ANDERSON, Penngrove, CA, pro se.

PAUL L. BAILEY, Port St. Lucie, FL, pro se.

RONALD L. BLASH, Lake Oswgo, OR, pro se.

JON R. BOSTON, Las Vegas, NV, pro se.

DENIS A. DARIDA, Grayslake, IL, pro se.

VICTOR C. DECOUDREAUX, Oakland, CA, pro se.

WILLIAM A. DUZET, Elgin, IL, pro se.

DAVID ALLEN DYER, White Hills, AZ, pro se.

WESLEY PAUL FETZER, Fort Myers, FL, pro se.

R. S. GRAMMER, Larkspur, CA, pro se.

KENNETH N. PAGE, Montgomery, TX, pro se.

JAMES B. MOREHEAD, Boynton Beach, FL, pro se.

KEVIN L. DILLON, Fairfax, VA, pro se.

DIANA RAYMOND, Scottsdale, AZ, pro se.

JOHN W. TRAEGER, JR., Bradenton, FL, pro se.

DONALD R. COBB, Woodinville, WA, pro se.

WILLIAM T. EADS, Mesquite, NV, pro se.

ROBERT HAHN, Satellite Beach, FL, pro se.

LARRY HENDERSON, Danville, CA, pro se.

STEPHEN JAKUBOWSKI, Grasonville, MD, pro se.

LESLIE KERO, Rockton, IL, pro se.

DAVID LEIPPE, Cameron Park, CA, pro se.

RUSSELL MULLEN, Rehoboth Beach, DE, pro se.

DENNIS RAYFIELD, Charlotte, NC, pro se.

MAURY ROSENBERG, Huntington Beach, CA, pro se.

DOMINICK RUSCITTI, Rockford, IL, pro se.

DONALD SCHILTZ, El Dorado Hills, CA, pro se.

RICHARD SLINN, Tucson, AZ, pro se.

JAMES SORENSEN, Ann, TX, pro se.

JOHN STARK, JR., Tarpon Spring, FL, pro se.

WILSON EDWARD LEGG, Gettysburg, PA, pro se.

GLENN LYONS, Henderson, NV, pro se.

BARBARA MUNYON, Henderson, NV, pro se.

ROBERT TOKLE, Chandler, AZ, pro se.

JAMES A. GROSSWILER, Mission Viego, CA, pro se.

GEORGE E. CLINE, Escondido, CA, pro se.

JOHN M. CORRADI, Rixeyville, VA, pro se.

DAVID J. FAHRENBACK, Tacoma, WA, pro se.

MICHAEL W. FITCH, Clearville, PA, pro se.

PETER H. FRIEDMAN, Edgewater, MD, pro se.

WAYNE E. GATE, Westlake Village, CA, pro se.

MILTON F. GRAY, Poplar Grove, IL, pro se.

JAMES L. HOLBROOK, Gurnee, IL, pro se.

CARL G. HOUSEHOLDER, Portersville, PA, pro se.

ROBERT T. HUGHES, Warner Robins, GA, pro se.

PHILIP E. JACH, Hudson, OH, pro se.

ARTHUR C. JACKSON, Sarasota, FL, pro se.

PATRICK F. KEELEY, Idaho Falls, ID, pro se.

MICHAEL J. MCBRIDE, Anthem, AZ, pro se.

LAWRENCE J. MCCLURE, Punta Gorda, FL, pro se.

THOMAS B. MEZGER, JR., Parker, CO, pro se.

JOE C. MINICK, Lake City, FL, pro se.

MOLLY MCGREW, Lake Oswego, OR, pro se.

DARRELL A. RADER, Concord, NC, pro se.

MICHAEL D. REICH, Tucson, AZ, pro se.

MICHAEL J. SEVERSON, Eastport, NY, pro se.

ROBERT STABILE, Spring Hill, TN, pro se.

PAUL W. NIBUR, Clovis, CA, pro se.

KATHLEEN ANN DAVIS, Evergreen, CO, pro se.

JANET A. BRADLEY, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRUCE R. ELLISEN, DAVID A. HUBBERT.

―――――――――――

Before LOURIE, BRYSON, and CHEN, *Circuit Judges.*

BRYSON, *Circuit Judge.*

This is a tax refund case. Like two cases previously before this court, *Koopmann v. United States*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. Apr. 11, 2022), and *Royall v. United States,* No. 2021-1746, 2022 WL 1073341 (Fed. Cir. Apr. 11, 2022), and a companion case now pending before the court, *Beavis v. United States*, No. 2023-2222, this litigation was initiated by a number of retired United

Airlines pilots who have sought refunds of Federal Insurance Contribution Act ("FICA") taxes. The taxes were paid at the time each of the pilots retired and began receiving retirement benefits under United's nonqualified deferred compensation plan. Pursuant to the special timing rule of 26 U.S.C. § 3121(v)(2) and the governing regulations promulgated under that statute, 26 C.F.R. § 31.3121(v)(2)-1, the tax for each pilot was paid in a lump sum when each pilot began receiving benefits under the plan. The amount of the tax paid for each pilot was based on the calculated present value of each pilot's benefit package. *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2).

After the pilots retired, United entered bankruptcy. At the conclusion of the bankruptcy proceeding, the pilots' deferred compensation plan was terminated, and the pilots stopped receiving benefits under the plan. Because the plan was terminated, the total amount that each pilot had received in benefits under the plan was less than the value of the expected benefits at the time each pilot retired. For that reason, the amount each pilot paid in FICA taxes was greater than each would have paid if the FICA tax had been paid only on benefits actually received.

The pilots individually sought refunds of what they characterized as overpayments of the FICA taxes. When those refund claims were denied, the pilots sought relief in the Court of Federal Claims ("the Claims Court"). However, they have run into several procedural barriers in their effort to obtain partial refunds of the FICA taxes paid at the time of their retirement. As a result, the Claims Court dismissed all of their claims without reaching the merits of their requests for refunds. The plaintiffs, all of whom are proceeding pro se, have appealed to this court. We affirm.

I

This litigation began in 2009 when William Koopmann, one of the retired United pilots, filed a pro se complaint in

the Claims Court seeking a refund of the FICA taxes that had been withheld by United based on the value of his benefits under the retirement plan. Mr. Koopmann named more than 160 retired pilots in addition to himself in the complaint. To manage the litigation, the Claims Court required each of the pilots to file individual short form complaints, then severed the complaints into nine separate groups based on their common characteristics. A different set of pilots, who were named in another tax refund suit, *Sofman v. United States*, No. 10-157, Compl. (Fed. Cl. Mar. 12, 2010), were later consolidated into the nine *Koopmann* groups.

In the case now on appeal, the Claims Court adjudicated the claims of a number of the retired pilots in several of the *Koopmann* groups. In an order entered on December 28, 2022, the court dismissed the complaints of all the pilots except for James A. Grosswiler for lack of jurisdiction because they failed to file timely refund claims with the Internal Revenue Service, as required by 26 U.S.C. §§ 7422(a) and 6511(a). *Biestek v. United States*, No. 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022). The court subsequently dismissed Mr. Grosswiler's complaint because he failed to file a timely appeal from the administrative denial of his claim, as required by 26 U.S.C. § 6532(a)(1).

The plaintiffs, acting pro se, filed a total of seven separate notices of appeal. In several instances, the plaintiff who filed the notice of appeal named other plaintiffs as appellants. However, most of the notices of appeal were signed only by the plaintiff who filed them. The notices of appeals were assigned the following case numbers: Biestek (No. 23-1467), signed only by plaintiff James H. Biestek; DiCicco *et al.* (No. 23-1859) signed by plaintiff Peter Sofman and electronically signed by plaintiffs Nicholas J. DiCicco, Carl E. Malm, Gale M. Nelson, Armand L. Ravissa, Joseph A. Vitelli, Larry Watts, Donald Owens, and Proctor W. Lucius, Jr.; Anderson *et al.* (No. 23-2224), signed only

by plaintiff Wesley Paul Fetzer; Allen *et al.* (No. 23-2225), signed only by plaintiff Wayne E. Allen; Henderson *et al.* (No. 23-2235), signed by plaintiffs David F. Henderson, Larry S. Walters, Warren H. Nelson, and Glenn T. Goble; Adams *et al.* (No. 23-2269) signed only by plaintiff David L. Ringwalt; and Grosswiler (No. 24-1169), signed by plaintiff James A. Grosswiler. By order of this court, No. 23-1467 ECF 166, plaintiff Paul W. Nibur, who initially filed a separate notice of appeal in No. 23-2269, was added to Mr. Grosswiler's appeal in No. 24-1169.

## II

### A

In its brief, the government points out several procedural problems with the plaintiffs' appeals. First, the government notes that because all the notices of appeal were filed by pro se appellants, the notices were legally effective only with respect to those parties who signed them. Because the right of self-representation does not give a pro se party the right to represent others, *Baude v. United States*, 955 F.3d 1290, 1305–06 (Fed. Cir. 2020), pro se appellants must personally sign their notices of appeal. *See* Fed. R. App. P. 3(c)(2) (a pro se notice of appeal "is considered filed on behalf of the signer"); *see also Chapa v. Kenton Cnty. Judge Exec.*, No. 23-5693, 2023 WL 9475628, at *1 (6th Cir. Nov 2, 2023); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); *Covington v. Allsbrook*, 636 F.2d 63, 64 (4th Cir. 1980); *Scarella v. Midwest Fed. Sav. & Loan*, 536 F.2d 1207, 1209 (8th Cir. 1976).

The appellants have not disputed the government's legal position on that issue or how it applies to the various would-be appellants. For that reason, only the 19 plaintiffs who actually signed the notices of appeal are clearly proper parties before this court. Those are plaintiffs Biestek, Sofman, DiCicco, Malm, Nelson, Ravizza, Vitelli, Watts,

Owens, Lucius, Fetzer, Allen, Henderson, Walters, Nelson, Goble, Ringwalk, Grosswiler, and Nibur.[1]

The status of a number of other would-be appellants is less clear.  In *Becker v. Montgomery*, 532 U.S. 757 (2001), the Supreme Court held that an appellant who filed a notice of appeal, but neglected to sign it within the time for filing the notice of appeal was not jurisdictionally barred from curing the defect after the appeal period had expired. The Court held that the signature requirement, found in Rule 11(a) of the Federal Rules of Civil Procedure is not jurisdictional, and that although Rules 3 and 4 of the Federal Rules of Appellate Procedure, which prescribe the contents and timing of appeals, are "linked to jurisdictional provisions," no signature requirement was included in those rules.  For that reason, the Court held that because Mr. Becker's notice of appeal was timely and complied with the requirements of Federal Rules of Appellate Procedure 3 and 4, the omission of his signature from his notice of appeal was not a jurisdictional defect and could be corrected.

This case differs from *Becker*, as the notices of appeal at issue here were all filed by pro se appellants who lacked

---

[1]    In similar circumstances, several circuits have held that pro se parties who have not signed a notice of appeal that was purportedly filed on their behalf by another pro se appellant must be given notice and an opportunity to formally join the appeal before they are barred from participating in the appeal. *See Gardner v. Wyasket*, 197 F. App'x 721, 722 n.1 (10th Cir. 2005); *Wash v. Johnson*, 343 F.3d 685, 689 (5th Cir. 2003), *opinion after reinstatement of appeal*, 108 F. App'x 154 (5th Cir. 2004); *Casanova v Dubois*, 289 F.3d 142, 145 (1st Cir. 2002). This court has not adopted such a procedure, and the would-be appellants in this case have not asked us to do so.

the authority to represent the other parties they named in the notices of appeal. Those documents, therefore, did not satisfy the requirements of Rules 3 and 4 of the Federal Rules of Appellate Procedure. For that reason, later actions by the would-be appellants who did not sign the notices of appeal were ineffective to accord them the status of appellants in this case.

In any event, even if the non-signing plaintiffs were permitted to join the appeal, it would not affect the outcome of this case, because permitting the non-signing plaintiffs to be formally joined as appellants in this case would not alter the disposition of the legal issues before this court.

B

The second procedural problem in this case applies only to appellant James A. Grosswiler. Mr. Grosswiler failed to file a timely complaint in the Claims Court, as required by 26 U.S.C. § 6532(a)(1), and the Claims Court dismissed his refund action for that reason. This court has held that the failure to file a timely complaint deprives the Claims Court of jurisdiction over the complaint. *RHI Holdings v. United States*, 142 F.3d 1459, 1461–63 (Fed. Cir. 1998); *see also Weston v. United States*, No. 2022-1179, 2022 WL 1097361, at *1 (Fed. Cir. Apr. 13, 2022) (citing cases). Mr. Grosswiler does not challenge the government's assertion that his complaint was untimely. Nor does he contend that the requirement to file a timely complaint is not jurisdictional. He argues only that his name was omitted from the original *Koopmann* complaint because of an administrative error, and that he was included in the *Sofman* complaint several months later.

Because he failed to file a timely complaint in the Claims Court, Mr. Grosswiler is not eligible for inclusion in any of the appeals before this court. Mr. Grosswiler has not pointed to any legal error in the Claims Court's ruling dismissing his complaint; the ruling on that issue is therefore affirmed.

## C

The third procedural barrier, which is appliable to all the remaining plaintiffs on appeal, is that each of them failed to make a timely claim for a refund of the tax that was paid on their behalf at the time they started receiving benefits under the plan.  As noted, before filing a refund action in court, a taxpayer must file an administrative claim with the Internal Revenue Service conforming to the requirements of 26 U.S.C. § 7422(a), which requires that the claim be filed within the time limits set out in 26 U.S.C. § 6511(a).  It is this issue to which the appellants devote the most attention in their briefs.  They make essentially five arguments at various points in their briefs.

### 1

The appellants first argue that it was unlawful to tax them based on the present value of their retirement benefit packages at the time of their retirements, because they had not received those benefits at that time.  Henderson Br. 10, 12–14, 21–22; Biestek Br. 10, 12–13, 19.  This argument is in essence a challenge to the constitutionality of the special timing rule of 26 U.S.C. § 3121(v)(2).

The appellants base their constitutional challenge to the statute on the principles of *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426 (1955).  That case, however, provides no support for their argument.  The Court in *Glenshaw Glass* construed the Internal Revenue Code of 1939 as imposing income taxes on gross income, defined broadly in the Code to include, for example, "gains, profits, and income derived from salaries, wages, or compensation for personal service." *Id.* at 428–29 (quoting 26 U.S.C. § 22(a) (1940)).[2] The appellants view *Glenshaw Glass* as barring

---

[2]    The current version of that statute is found at 26 U.S.C. § 61(a), which provides that "gross income means all income from whatever source derived."

Congress from treating the present value of a benefit to be dispensed later as income for purposes of the imposition of any tax, including an excise tax such as the FICA tax.[3]

But *Glenshaw Glass* is a case construing the statute that defines gross income for income tax purposes.[4] The statutory term at issue in the FICA statute is "wages." Congress is entitled to adopt different ways of defining wages in different circumstances. In the special timing rule of section 3121(v)(2), Congress has defined "wages," for purposes of nonqualified deferred compensation plans, as including deferred income and has imposed FICA taxes on that deferred income based on the "amount deferred." The definition of the "amount deferred" in section 3121(v)(2) includes the receipt of something of value, even though the value may not be realized at the time of the receipt. Thus,

---

[3] Contrary to the appellants' contention, the FICA tax is an excise tax, not an income tax. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 240 (2002) ("The tax law imposes, not only on employees, but also 'on every employer,' an 'excise tax,' *i.e.*, a FICA tax, in an amount equal to a percentage 'of the wages . . . paid by him with respect to employment.'"); *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 204 (2001) ("The Federal Insurance Contributions Act (FICA) . . . impose[s] excise taxes on employee wages to fund Social Security . . . ."); *Xianli Zhang v. United States*, 640 F.3d 1358, 1366 (Fed. Cir. 2011) ("FICA is unquestionably a law that imposes excise taxes to support Social Security."). To the extent the appellants' argument is that FICA taxes are income taxes, and for that reason they cannot be based on the present value of benefits to be received later, their argument is without merit.

[4] The same is true of *Westpac Pacific Food v. Commissioner*, 451 F.3d 970 (9th Cir. 2006), on which the appellants rely.

"wages," as Congress has defined the term for purposes of section 3121(v)(2), can be taxed before they are received by the employees. *See Balestra v. United* States, 119 Fed. Cl. 109, *aff'd,* 803 F.3d 1363 (Fed. Cir. 2015).

A retirement benefit plan has value at the time of the employee's retirement, even if the employee will receive payments under the plan that are spaced out over time. The appellants point to no authority holding that it is impermissible for Congress to tax the value of a retirement plan at the outset rather than at the time of each payment the employee receives over the period of his retirement. And this court has construed the special timing rule, as implemented through Internal Revenue Service regulations, to impose a FICA tax on the present value of benefits from a nonqualified deferred compensation plan that are to be received in the future. *Balestra*, 803 F.3d at 1370–72.[5]

The appellants argue that it is a violation of due process and "an absurdity" (Henderson Br. 16; Biestek Br. 13) for them not to be allowed a reasonable time to seek a refund of the portion of the tax they paid that was attributable to years in which they did not receive benefits. That argument assumes that it was improper for the government to retain those sums, and that the appellants would

---

[5]    This court's decision in *Balestra* was based in part on the application of the principles of *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984). Although the Supreme Court overruled *Chevron* in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), it stated that "we do not call into question prior cases that relied on the *Chevron* framework" and that the holding of those cases that specific agency actions are lawful "are still subject to statutory *stare decisis* despite our change in interpretive methodology." *Id.* at 412.

have been entitled to a refund if they had been allowed to file refund claims for those years.

The problem with that argument is that the entire premise of the special timing rule of section 3121(v)(2) is that in the particular situation covered by that statute, Congress has converted the tax that ordinarily would be paid on a year-by-year basis to a one-time obligation that is paid based on the value of the benefit package received by the taxpayer at the time of the taxpayer's retirement.

Because Congress has modified the system for collecting FICA taxes in this situation, the appellants would not have been entitled to refunds of any portion of the tax paid, even if there were no limitations period applicable to the appellants' right to file a refund claim. The lump sum paid at the outset covered all the FICA taxes that the pilots would ever have to pay for their benefits, no matter how long those benefits continued to be paid.

That method of calculating the value of such retirement benefits does not necessarily work to the detriment of the employees. In cases involving benefits that last for the lifetimes of the beneficiaries, for example, the one-time payment required by section 3121(v)(2) would benefit any employee who lived longer than the actuarial estimate of his lifetime, as he would pay less in total FICA taxes than if he were paying FICA taxes on a yearly basis. The fact that United Airlines' bankruptcy meant that many of the pilots ended up paying more in FICA taxes than they would have paid if those taxes had been collected on a year-by-year basis does not mean that Congress's adoption of a one-time payment regime and rigid timing requirements for

refund claims violated due process, much less being "an ab-
surdity."[6]

2

The appellants' second argument is that Congress did
not intend for the time limits on filing administrative
claims to be applied to more than one tax year at a time.
Henderson Br. 15; Biestek Br. 11, 16–17. They contend
that a party seeking a refund of a lump sum payment of
taxes at the outset to cover income to be received over mul-
tiple years should be allowed to file a refund claim for each
year at the time the income is due to be received. While
Congress could have adopted such a measure, it did not.
Section 6511(a) is quite clear that the time limitations for
filing a claim for refund run either from the date the tax is
paid or the date the return relating to that tax is filed, both
of which occurred for each pilot at the time of retirement
when United paid the FICA tax for the pilot's entire benefit
package.

There is no indication that Congress intended to make
a special exception to the timing requirements of section
6511(a) that would apply to refund claims for taxes paid
pursuant to the special timing rule of section 3121(v)(2).
To the contrary, as the Supreme Court has held, the time
limits of section 6511 "apply to 'any tax imposed by [the

---

[6]    If a party in the appellants' position sought to chal-
lenge some aspect of the one-time FICA payment—such as
that it was miscalculated—they could do so by filing a re-
fund claim within the limitations periods set forth in sec-
tion 6511(a). What they may not do is to assert, long after
the fact, that the one-time FICA payment, while it may
have represented the proper amount of the FICA obligation
at the time in light of the then-present value of the retire-
ment package, turned out to be greater than it would have
been if the FICA tax were paid on a year-by-year basis.

Internal Revenue Code].'" *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7 (2008). That includes the provisions of the Code that apply to FICA taxes, such as section 3121(v)(2).

3

The appellants' next argument is that the timing rule of section 6511(a) applies only to refund claims by the party who filed the FICA tax return, which in this case was United Airlines, not the individual pilots. Henderson Br. 9; Biestek Br. 7. There is no force to that contention. United Airlines initially paid the tax due on the present value of the benefit plan for each retired pilot and then deducted the pilot's share from the payments made to the pilot under the deferred compensation plan. In such cases, the tax is deemed paid by the employee, and any claim for refund must be sought by the employee within the limitation periods of section 6511. *See Radio Shack Corp. v. United States*, 566 F.3d 1358, 1361–62 (Fed. Cir. 2009). Thus, the taxes paid by United Airlines on behalf of the taxpayers are deemed paid by the taxpayers for purposes of sections 7422(a) and 6511(a) of the Internal Revenue Code.

4

In their reply brief and their memorandum in lieu of oral argument, the appellants argue that the two- and three-year limitations periods set forth in section 6511(a) do not apply to their claims, because their claims had not accrued by the time those periods had expired. Biestek Reply Br. 10, 14–15; ECF 317 at 5. Instead, they argue, the general six-year limitation period for filing actions against the government in 28 U.S.C. § 2401(a) gave them the right to file their claims for up to six years after the claims accrued. That argument is forfeited, because it was raised for the first time in the appellants' reply brief. *See Fellhoelter v. Dep't of Agric.*, 568 F.3d 965, 975 (Fed. Cir. 2009);

*United States v. Ford Motor Co.*, 463 F.3d 1267, 1276–77 (Fed. Cir. 2006).

Beyond that, the appellants' argument fails on the merits. Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." That limitations period, however, does not excuse parties who seek tax refunds from first filing administrative claims with the Internal Revenue Service within the period set forth in section 6511(a). *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 9 (2008) (holding that parties bringing a refund action are subject not only to the six-year statute of limitations in the Tucker Act, but also the shorter limitations periods in section 6511(a): "The refund scheme in the current Code would have 'no meaning whatever' if taxpayers failing to comply with it were nonetheless allowed to bring suit subject only to the Tucker Act's longer time bar." (internal citations omitted)); *Gordon v. United States*, 649 F.2d 837, 844 (Ct. Cl. 1981) ("In seeking a refund of taxes . . . a taxpayer must ascribe to the period of limitations established by I.R.C. §§ 6511(a) and 6532(a) rather than the general 6-year period of 28 U.S.C. §§ 2501 and 2401.").

5

The appellants' final contention is that the timing requirement of section 6511(a) should not be applied to their claims for refunds of the one-time taxes paid under section 3121(v)(2) because the time limits for seeking a refund under section 6511(a) had already run for most of the retired pilots when the benefit plan was canceled in the bankruptcy proceeding. Henderson Br. 4, 10, 15–19; Biestek Br 10, 13–16. That is, in effect, an argument that this court should not treat the time limitations of section 6511(a) as jurisdictional, but should hold that those limitations are subject to implied equitable exceptions, such as equitable tolling or the "notice" rule that postpones the running of

the limitations period until the party has notice of the injury and the need to seek a remedy.[7]

It is true that the effect of treating the time limitations of section 6511(a) as jurisdictional has the practical effect of depriving most of the retired pilots of an opportunity to file timely refund claims for the FICA taxes paid on income that they never received. That, however, is a consequence of holding that the time limitations of section 6511(a) are jurisdictional and not subject to exceptions such as equitable tolling. And the Claims Court's ruling that the time limitations of section 6511(a) are jurisdictional was based on the Supreme Court's decision in *United States v. Dalm*, 494 U.S. 596 (1990).

*Dalm* is directly applicable precedent. Not only did the Supreme Court hold that the time limitations of section 6511(a) were jurisdictional and not subject to equitable tolling, but it did so in a case in which it was not possible for the taxpayer to meet those time limitations at the time it became apparent that the taxpayer had overpaid her taxes.[8] *See Dalm*, 494 U.S. at 598–602. As the Supreme

---

[7]    The appellants disclaim that they are arguing for equitable tolling of the statute (Henderson Br. 13; Biestek Br. 13), but that is the necessary consequence of their argument that the limitations period of section 6511(a) cannot be applied by its terms in this case.

[8]    The taxpayer in *Dalm* initially paid a gift tax on certain funds received from a decedent's estate. After an audit, the Internal Revenue Service characterized those funds as income, a characterization the taxpayer disputed. The dispute was later settled with the taxpayer paying an amount of income tax that was less than the Internal Revenue Service had asserted was due. When that issue was resolved, the taxpayer filed a claim for a refund of the gift tax she had paid, but her claim was denied on the ground

BIESTEK v. US                                                    25

Court remarked in *Dalm*, "That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund does not operate to lift the statutory bar." 494 U.S. at 609 n.7. Although the appellants cite the Supreme Court's decision in *Dalm*, they do not attempt to distinguish it, nor do they argue that it is no longer good law.

We recognize that in the 35 years since *Dalm*, the Supreme Court has decided a number of cases in which the Court has held that particular limitations periods are not jurisdictional in nature. That line of cases began with *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). The most recent example of such a case is *Riley v. Bondi*, 145 S. Ct. 2190 (2025), decided in June of this year. In the intervening years, the Court has devoted a good deal of its time to cases in which the question presented was whether a timing limitation was jurisdictional or not. And in most instances, the Court has concluded that the time limitation was a claim processing provision, not a jurisdictional limitation on a court's power to address the dispute presented to it. *See, e.g., Harrow v. Dep't of Def.*, 601 U.S. 480 (2024); *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023); *Wilkins v. United States*, 598 U.S. 152 (2023); *Boechler, P.C. v. Comm'r*, 596 U.S. 199 (2022); *United States v. Wong*, 575 U.S. 402 (2015); *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145 (2013); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011); *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).

In many of those cases, the Court has emphasized that in order for a limitations period to be deemed jurisdictional, Congress must act with great specificity in making clear that the limitations period is not merely a claim processing provision, but that it explicitly prohibits a court from

---

that it was not filed within the time limits set forth in section 6511(a). The Supreme Court upheld the denial.

exercising jurisdiction over claims falling outside the designated limitations period. *See, e.g.*, *Riley*, 145 S. Ct. at 2201–02 ("Because jurisdictional rules have a unique capacity to disrupt the orderly adjudication of disputes, we are reluctant to label a rule 'jurisdictional' unless Congress has clearly signaled that the rule is meant to have that status . . . . We have said that Congress 'need not use magic words in order to speak clearly' on the question whether a provision is jurisdictional, . . . but our pattern of recent decisions shows that we will not categorize a provision as 'jurisdictional' unless the signal is exceedingly strong.").

Despite that line of cases, it is not a foregone conclusion that the Supreme Court will overrule *Dalm* if and when the Court revisits that case. Cases decided by the Supreme Court after *Irwin* and *Dalm* have distinguished *Irwin* and similar cases and have held that certain limitations periods, including the limitations periods set forth in section 6511(a), are jurisdictional and are not subject to equitable tolling.

The court did so in its unanimous opinion in *United States v. Brockamp*, 519 U.S. 347 (1997). In that case, the Court noted that section 6511 "sets forth its time limitations in unusually emphatic form" and "in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." *Brockamp*, 519 U.S. at 350. The Court added that the statute "reiterates its limitations several times in several different ways"; that the Tax Code "reemphasizes the point when it says that refunds that do not comply with these limitations 'shall be considered erroneous'"; and that section 6511 "sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling.'" *Id.* at 350–51. The Court added that "[t]he nature of the underlying subject matter—tax collection—underscores the linguistic point," noting that reading "an 'equitable tolling' exception into § 6511 could create serious administrative problems" for the IRS. *Id.* at 352.

Subsequently, in *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1 (2008), the Court, again acting unanimously, held that the limitations periods in sections 7422(a) and 6511(a) are mandatory. The Court noted that the time limitations of section 6511 are "set forth in 'unusually emphatic form'" and stated that "we cannot imagine what language could more clearly state that taxpayers seeking refunds of unlawfully assessed taxes must comply with the Code's refund scheme before bringing suit, including the requirement to file a timely administrative claim." *Clintwood Elkhorn Mining*, 553 U.S. at 7–8 (citations omitted).

Moreover, this court has repeatedly applied *Dalm* in holding that the timing requirements of sections 7422(a) and 6511(a) are jurisdictional and thus are not subject to any of the equitable principles that could afford relief to claimants such as the appellants in this case. *See, e.g.*, *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023); *Brown v. United States*, 22 F.4th 1008, 1011 (Fed. Cir. 2022); *Gen. Mills, Inc. v. United States*, 957 F.3d 1275, 1283 (Fed. Cir. 2020); *Stephens v. United States*, 884 F.3d 1151, 1154 (Fed. Cir. 2018); *Fed. Nat'l Mortg. Ass'n v. United States*, 469 F.3d 968, 973 (Fed. Cir. 2006); *Lovett v. United States*, 81 F.3d 143, 145 (Fed. Cir. 1996) (It is of no consequence that the "taxpayer does not learn until after the limitations period has run that a tax was paid in error, or that he or she has a ground upon which to claim a refund.").

In light of the more recent decisions from the Supreme Court post-dating its decisions in *Brockamp* and *Clintwood Elkhorn Mining*, it is possible that the Court may reconsider its decision in *Dalm* and hold that section 6511(a) is not a jurisdictional requirement or that it is subject to equitable tolling when the strict application of the timing rule would have the effect of denying a claimant the ability to file an administrative claim. But that has not happened

yet, and for the present we are still bound by the holding in *Dalm*.

Even if we were to conclude that it is likely that the Supreme Court will overrule or somehow limit *Dalm* at some point in the future, the Supreme Court has made it clear that it would be inappropriate for us to assume that the Court will overrule one of its prior decisions and to decide a case in a manner that flies in the face of a binding Supreme Court precedent.

As the Court has explained, "If a precedent of this Court has direct application in a case . . . a lower court 'should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'" *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989)); *Hohn v. United States*, 524 U.S. 236, 252–53 (1998) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality."); *Agostini v. Felton*, 521 U.S. 203, 237–38 (1997) ("We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent . . . . [The trial court was] correct to recognize that the motion had to be denied unless and until this Court reinterpreted the binding precedent."); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) (Even if a Supreme Court precedent contains many "infirmities" and rests upon "wobbly, moth-eaten foundations," it remains the "Court's prerogative alone to overrule one of its own precedents."). We have previously acknowledged and followed that instruction from the Court. *In re Killian,* 45 F.4th 1373, 1383 (Fed. Cir. 2022); *Hatter v. United States*, 64 F.3d 647, 650 (Fed. Cir. 1995), *aff'd*, 519 U.S. 801 (1996); *Int'l Bus. Machs. Corp. v. United States*, 59 F.3d 1234, 1239 (Fed. Cir. 1995), *aff'd*, 517 U.S. 843 (1996). We are obliged to do the same here.

In a case such as this one, in which the parties have not requested that we disregard a Supreme Court precedent in light of later precedents, the case against doing so is even more compelling. In this case, then, even if we were to conclude that the *Dalm* precedent is on shaky ground, we would feel compelled to apply it. And applying *Dalm* to the facts of this case leads us to the conclusion that section 6511(a) is a jurisdictional statute and that the appellants, having failed to file their administrative claims within the period required by section 6511(a), are jurisdictionally barred from obtaining relief.

The appellants have raised several other arguments directed to the merits of their claims. We have considered those arguments but find them unpersuasive.

### III

Finally, we address the appellants' contention that two of the members of this panel should have recused themselves from participation in this case based on their prior participation in the *Koopmann* case and related litigation, which involved claims similar to those raised in this case.[9] That contention is baseless.

It is quite common for judges to be called on to decide cases or rule on issues that are similar to those they have ruled on previously, either in the same case or in other cases. As the Supreme Court has explained, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings,

---

[9] The appellants in this case and in the companion *Beavis* case have moved for recusal of members of the panel on six different occasions. *Biestek*, No. 23-1467, ECF 71, 180, 187, 312, and 321; *Beavis*, No. 23-2222, ECF 56. The court denied the first three requests in this case and the request in *Beavis* by order. *See* No. 23-1467, ECF 76, 201; No. 23-2222, ECF 58.

or of prior proceedings, do not constitute the basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United* States, 510 U.S. 540, 555 (1994); *see also Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1256–57 (10th Cir. 2022); *Frey v. Env't Prot. Agency*, 751 F.3d 461, 472 (7th Cir. 2014) ("information a judge has gleaned from prior judicial proceedings is not considered extrajudicial and simply does not require recusal."); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (recusal not required based on "prior contact with related cases"); *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (recusal is not required "if the complaint is merely based upon the judge's rulings in the instant case or related cases"); *In re Corrugated Container Antitrust Litig. Steering Comm.*, 614 F.2d 958, 964 (5th Cir. 1980) ("overwhelming authority" relieves judges of the need to recuse when presiding over a case involving the same parties and facts even after forming pertinent conclusions in prior cases.).

There are no special circumstances presented by this case that would call for a departure from that well-settled general rule. Judicial recusal is therefore not required simply because members of the panel in this case have participated in other cases raising similar issues.

No costs.

**AFFIRMED**